PEOPLE, PLAINTIFF AND APPELLEE, *v.* MERCADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Petty Larceny.

No. 1400.—Decided June 27, 1919.

SPEEDY TRIAL—DISMISSAL—APPEAL.—The judgment of the municipal court was appealed from to the district court and the defendant was brought to trial within 120 days after the transcript was filed, but after 120 days from the time of filing the notice of appeal. The order of the district court refusing to dismiss the case having been reviewed on appeal, it was *Held:* That the point of departure in estimating the period of 120 days referred to in sec-

tion 448 of the Code of Criminal Procedure is that of the filing of the transcript in the district court and not that of the filing of the notice of appeal in the municipal court.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Section 448 of the Code of Criminal Procedure by its terms gives a defendant a right in the district court to a dismissal if his case is not tried within 120 days after the filing of the information. This period we have held in *Ochoa* v. *Manzano,* 24 P. R. R. 786, to be applicable to trials in municipal courts. This was an appeal from a judgment of a municipal court and the defendant was brought to trial within 120 days after the filing of the transcript in said district court. We feel bound to hold that the point of departure in estimating the time is the date of the filing in the district court and not the date of the appeal. The filing of the transcript is the only act tantamount to a filing of the information if section 448 is to be relied on. We do not mean to say that an appellant may never seek a dismissal for failure to prosecute until 120 days have elapsed from the filing of the transcript, but then a stronger showing must be made than was done here. The defendant has the burden then of showing that the delay was not justified. *Ex parte Turman,* 26 Tex. 708, 84 A. D. 598; *People* v. *Díaz,* 5 P. R. R. 197; *People* v. *Falcastro,* 17 P. R. R. 88.

The other errors alleged by the appellant do not appear to have been raised in the court below and are not jurisdictional or fundamental.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.